IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


STEVEN BOUNDS                                                                    PLAINTIFF


             v.                          CIVIL NO. 06-5112


MICHAEL J. ASTRUE,[1] Commissioner
Social Security Administration                                                   DEFENDANT


**MEMORANDUM OPINION**

Plaintiff Steven Bounds brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act).

**Procedural Background:**

The application for DIB presently before this court was filed on February 6, 2003, alleging an inability to work since June 3, 2002, due to cervical arthritis with chronic back pain, residuals from a torn rotator cuff repair, pain in his shoulders, between his shoulder blades and right elbow. (Tr. 49-51). An administrative hearing was held on February 5, 2004. (Tr. 225-255). Plaintiff was present and represented by counsel.

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

By written decision dated April 29, 2004, the ALJ found that plaintiff has an impairment or combination of impairments that are severe. (Tr. 21). However, after reviewing all of the evidence presented, he determined that plaintiff's impairments do not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 21). The ALJ determined plaintiff maintained the residual functional capacity (RFC) to perform a significant range of sedentary work. (Tr. 21). Specifically, the ALJ determined plaintiff can lift and/or carry up to ten pounds occasionally, five pounds frequently; can push and/or pull ten pounds occasionally, five pounds frequently; can stand and/or walk up to two hours of an eight-hour work day; and can sit up to six hours out of an eight-hour work day. The ALJ determined plaintiff must shift positions between standing, walking and sitting every one to two hours and that he is unable to crawl and climb ladders and scaffolds. The ALJ further found plaintiff is unable to work above shoulder level with either upper extremity and due to pain with exertion experiences mild interference with concentration. (Tr, 21). With the help of vocational expert testimony, the ALJ found plaintiff could perform other work as a machine tender, a machine operator, a cashier and a textile operator. (Tr, 21-22).

Plaintiff appealed the decision of the ALJ to the Appeals Council. After reviewing the additional medical evidence submitted, the Appeals Council denied plaintiff's request for a review of the hearing decision on April 19, 2006. (Tr. 4-7). When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner. Plaintiff now seeks judicial review of that decision. (Doc. #1). Both parties filed an appeal brief and this case is before the undersigned pursuant to the consent of the parties. (Doc. # 9, 10).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

AO72A
(Rev. 8/82)

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § 404.1520.

**Discussion**

After the ALJ rendered his decision, plaintiff presented additional evidence to the Appeals Council. This evidence included a Physical Capacities Assessment and Physician Statement completed by plaintiff's treating physician, Dr. John L. Garrett. (Tr. 220-224). Dr. Garrett's assessment was dated October 22, 2004, but included an assessment time starting in June of 2003. (Tr. 224).

> According to 20 C.F.R. § 404.970(b):
>
> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision.

AO72A
(Rev. 8/82)

Thus, the Appeals Council *must* consider evidence submitted with a request for review if it is "(a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *Box v. Shalala,* 52 F.3d 168, 171 (8th Cir.1995) (*quoting Williams v. Sullivan*, 905 F.2d 214, 216-17 (8th Cir.1990)). To be "new," evidence must be more than merely cumulative of other evidence in the record. *See Williams v. Sullivan,* 905 F.2d at 216 (concluding that psychiatrist's report was new because it was not merely cumulative but instead presented more specific findings and conclusions). To be "material," the evidence must be relevant to claimant's condition for the time period for which benefits were denied. *See id.* Thus, to qualify as "material," the additional evidence must not merely detail after-acquired conditions or post-decision deterioration of a pre-existing condition. *See Jones v. Callahan,* 122 F.3d 1148, 1154 (8th Cir.1997) (holding immaterial evidence detailing a single incident occurring after decision and noting proper remedy for post-ALJ deterioration is a new application); *Williams v. Sullivan,* 905 F.2d at 216 (finding that despite failure to identify onset date, doctor's report was material because it provided sufficient basis to conclude it related to the relevant time). Further, there must be a reasonable likelihood that it would have changed the determination. *Krogmeier v. Barnhart*, 294 F.3d 1019, 1025 (8th Cir.2002).

In the instant matter, the ALJ states in his decision:

> Further, given the claimant's allegations of totally disabling symptoms, one might expect to see indication in the treatment records of restrictions placed on the claimant by his treating physicians. Yet, a review of the record in this case reveals no restrictions recommended by his treating physicians...

(Tr. 18). The ALJ goes on to point out that in April of 2003, Dr. Mitchell reported that plaintiff was making good progress and that he thought plaintiff's shoulder would do alright coming out

5

of the surgery. (Tr. 18). The ALJ also pointed out that Dr. Foster did not know what plaintiff's long-term prognosis would be and that he wanted to have plaintiff undergo physical therapy and to wean plaintiff off of oral narcotic medication.

A review of the record reveals that in April of 2003, Dr. Mitchell noted that while plaintiff's shoulder was better plaintiff reported chronic neck pain and Dr. Mitchell recommended plaintiff seek treatment with Dr. Cannon which plaintiff did. With regard to Dr. Foster, plaintiff did not seek treatment from him after September of 2002, which was prior to his rotator cuff repair and his continued complaints of neck pain following his rotator cuff surgery.

In the Physical Capacities Assessment submitted to the Appeals Council, Dr. Garrett opined plaintiff was able to lift and carry up to ten pounds occasionally; to occasionally stoop, kneel, crouch, immediate reach with his left arm, reach above shoulders, handle, finger and feel, but could never climb, balance or crawl; to sit for one hour in an eight-hour work day, five to ten minutes intermittently; to stand for one hour in an eight-hour work day, forty-five minutes continuously; to walk for one hour in an eight-hour work day, forty-five minutes continuously; to grasp and fine manipulate with both hands; and to use both feet for repetitive movements. (Tr. 220-221). Dr. Garrett recommended plaintiff not work in cold, dusty, damp or unprotected height areas. Dr. Garrett recommended plaintiff not operate hazardous equipment, including driving a vehicle, due to plaintiff's pain medication. Dr. Garrett indicated he based his opinion off of plaintiff's reports, measured capacity (e.g. functional testing) and clinical experience. (Tr.221).

These records were not before the ALJ at the time he rendered his decision. Thus, the ALJ's determination that plaintiff's credibility is lessened due to no restrictions placed on

plaintiff by his treating physicians is not supported by substantial evidence of record, in light of the additional evidence submitted to and considered by the Appeals Council. For this reason, this matter must be remanded for proper analysis of all of the evidence pertaining to plaintiff's subjective complaints of pain and his physical RFC. . The undersigned finds there is a reasonable likelihood that the additional evidence would have changed the ALJ's determination. *See Krogmeier v. Barnhart*, 294 F.3d at 1025.

We also point out that Dr. Garrett diagnosed plaintiff with fibromyalgia. Fibromyalgia involves pain in fibrous tissues, muscles, tendons, ligaments and other "white" connective tissues. Diagnosis is recognized by a typical pattern of diffuse fibromyalgia and nonrheumatic symptoms, such as poor sleep, trauma, anxiety, fatigue, irritable bowel symptoms, exposure to dampness and cold, and by exclusion of contributory or underlying diseases. *See The Merck Manual,* pp. 1369-1371 (16th Edition, 1992). Its cause or causes are unknown, there is no cure, and, perhaps of greatest importance to disability law, its symptoms are entirely subjective. There are no laboratory tests for the presence or severity of fibromyalgia. The principal symptoms are "pain all over," fatigue, disturbed sleep, stiffness, and—the only symptom that discriminates between it and other diseases of a rheumatic character— multiple tender spots, more precisely eighteen fixed locations on the body (and the rule of thumb is that the patient must have at least eleven of them to be diagnosed as having fibromyalgia) that when pressed firmly cause the patient who really has fibromyalgia to flinch.

We point out that the Eighth Circuit has held, in the context of fibromyalgia cases, that the ability to engage in activities such as cooking, cleaning, and hobbies, does not constitute substantial evidence of the ability to engage in substantial gainful activity. *Brosnahan v.*

*Barnhart*, 336 F.3d 671, 677 (8th Cir. 2003); *See Kelley v. Callahan,* 133 F.3d 583, 588-89 (8th Cir. 1998). Accordingly, plaintiff's ability to perform these tasks does not automatically render him capable of performing work. On remand, we strongly recommended that the ALJ address this diagnosis and if needed obtain updated RFC assessments from both Dr. Garrett and Dr. R. David Cannon.

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 31st day of May 2007.

/s/ *J. Marschewski*
   HON. JAMES R. MARSCHEWSKI
   UNITED STATES MAGISTRATE JUDGE